IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| **KENDRA C. SMITH and** | ) | |
| **KAIA M. JORDAN** | ) | |
| | ) | |
| **v.** | ) | **Case No 3:25-cv-01077** |
| | ) | |
| **JESSICA CROWDER *et al.*** | ) | |

**TO: Honorable Eli J. Richardson, United States District Judge**

## R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered November 13, 2025 (Docket Entry No. 52), this *pro se* case was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court are motions to dismiss filed by several Defendants: (1) Motion to Dismiss of Jason Lawson (Docket Entry No. 21); (2) Motion to Dismiss of the City of Murfreesboro, Tennessee (Docket Entry No. 27); (3) Motion to Dismiss of Robert Burns (Docket Entry No. 32); (4) Motion to Dismiss of the City of Lebanon, Tennessee (Docket Entry No. 46); (5) Motion to Dismiss of Wilson County, Tennessee (Docket Entry No. 50); and, (6) Motion to Dismiss of Rutherford County, Tennessee (Docket Entry No. 56). Plaintiffs oppose the motions. For the reasons set out below, the undersigned respectfully recommends that the motions be **GRANTED** and the moving Defendants be **DISMISSED FROM THIS CASE**.

## I. COMPLAINT AND PROCEDURAL BACKGROUND

Kendra Smith ("Smith") and Kai Jordan ("Jordan") are residents of Mt. Juliet, Tennessee, and appear to be a mother and adult daughter, respectively. On September 23, 2025, they filed this *pro se* lawsuit against 15 defendants – the United States Department of Veterans Affairs ("VA") and VA physicians Dr. Jessica Haynes Crowder ("Crowder") and Suzy Ebrahem ("Ebrahem"); Vanderbilt Wilson County Hospital[1] and Dr. Michael Olushoga ("Olushoga"); the City of Mt. Juliet ("Mt. Juliet") and Mt. Juliet Police Department Officers Sean Ronan ("Ronan") and Christopher Barth ("Barth"); Mt. Juliet City Attorney Samantha Burnett ("Burnett"); Wilson County, Tennessee; the City of Lebanon; the City of Murfreesboro; Rutherford County, Tennessee; Jason Lawson ("Lawson"), the District Attorney for Tennessee 15th Judicial District; and attorney Robert Burns ("Burns"). *See* Complaint (Docket Entry No. 1). Of the eight individuals who are sued, Defendants Lawson, Ronan, and Barth are named in only their individual capacities and the remaining five individuals are named in both their individual and official capacities.

Plaintiffs contend that their civil rights have been violated by Defendants and set out a several page narrative of events. Smith, who states that she is a veteran and who appears to receive treatment of some type through the Veterans Administration, alleges that she was involuntarily detained for a mental health examination pursuant to "6404" paperwork completed by Defendant

[1] In its motion to dismiss, Vanderbilt University Medical Centers ("VUMC") notes that Vanderbilt Wilson County Hospital, which is named as a defendant, is an assumed name of VUMC by which it conducts business and that VUMC is the proper defendant in this action. Plaintiffs do not take issue with this notation, and the Court shall thus refer to this defendant entity as VUMC.

Crowder on September 25, 2024.[2] Smith contends that, although she had sent a message to Crowder two days earlier "detailing several concerns," there was no cause for Defendant Crowder to begin the proceeding and that the paperwork was not filled out properly. Smith alleges that officers with the Mt. Juliet Police Department, including Defendant Barth, came to her home on the 25th but that she was not detained until the next morning when officers pulled over a car being driven by Plaintiff Jordan in which Smith was riding and that Smith was then transported to the Vanderbilt Wilson County Hospital at the directive of Defendant Ronan, whom she contends "managed" the events of that morning. *Id*. at 11, ¶ 6.

Smith alleges that she was examined at the hospital by Defendant Olushoga, whom she alleges committed "several ethical violations and committed crimes including but not limited to assault, false imprisonment, and kidnapping." *Id*. at 12, ¶ 7. Smith alleges that she was then transported to the Murfreesboro VA facility, where she had a telehealth call with Defendant Ebrahem, who she alleges "falsified documents and committed several ethical violations and medical malpractice while depriving Ms. Smith of her rights without cause." *Id*. at 12, ¶ 9. Smith alleges that she was held overnight against her will, strip-searched, denied medical care and prescribed medications, exposed to secondhand vaping, and held in substandard conditions. *Id*. Smith alleges that, on or about September 27, 2024, the "6404" paperwork was rescinded and she was released. *Id*. at 13, ¶ 10.

[2] The complaint includes three paragraphs about events occurring during 2016-2022 that involved Smith, her ex-husband, non-defendants, and some of the Defendants, events which led Smith to file a state court lawsuit in 2022 against Mt. Juliet, the Mt. Juliet Police Department, Lawson, and unnamed officers who are not a part of this case. *See* Complaint at 10, ¶¶ 1-3. However, Plaintiffs specifically assert that the claims that they are bringing are based upon events that began on September 25, 2024. *Id*. at 8.

Both Plaintiffs contend that they have been severely injured and traumatized by these events, although there are no allegations that Plaintiff Jordan was involved in any of the events other than those occurring on the morning of September 26, 2024, when her car was stopped by the police officers. Smith alleges that she has made numerous attempts to obtain medical records and other documents but that "[a]ll entities have redacted, hidden, covered up or failed to provide requested documentation." *Id*. at 13, ¶ 11. She also alleges that the law enforcement agencies for the municipal Defendants, as well as Defendant Lawson, have refused to take action, investigate the matter, take a police report, or arrest anyone involved. *Id*. She further contends that the "6404" paperwork was "fraudulent, falsified, incomplete, and did not meet the criteria under the statute" and thus did not provide any Defendant with authorization to detain or hold her. *Id*. at 14, ¶ 12.

Plaintiffs bring their complaint "for violation of civil rights" and sue Defendants in federal court pursuant to 42 U.S.C. § 1983. *Id*. at 1 and 4. They assert that "[b]y using positions as elected, appointed, licensed, commissioned officials in public duty positions of power all parties abused powers and violated rights by committing crimes against plaintiffs T.C.A. 33-6-4." *Id*. at 8. Although the complaint fails to set out distinct legal claims that are linked to specific Defendants, Plaintiffs assert that Defendants have violated:

> The US Constitution, The Bill of Rights, The 1st, 2nd, 4th, 5th, 7th, 8th, 9th, 10th, and 14th Amendments, T.C.A. 36-8-103, housing laws, Americans with Disabilities Act, victims rights, T.C.A. Ch 38, Families Rights and Responsibilities Act, GTCA, FTCA

*id*. at 4, as well as:

> 4th Amendment unreasonable search, 8th Amendment deprivation of medical care, 5th Amendment due process, 1st Amendment free speech, 2nd, 7th, 9th, 10th, 13th, and 14th amendments.

*id*. at 8, and that Plaintiffs have been victims of:

> illegal traffic stops, stalking, harassment, coercion, trespassing, falsifying documents, fraud, HIPPA violations, FOI violations, false imprisonment, especially aggravated kidnapping, excessive force, police brutality, assault, abuse of process, and violations of any and all constitutional rights.

*Id* at 17. Plaintiffs seek actual and punitive damages and an award of several million dollars, and they also request that "all rights be restored including Ms. Smith's parental rights that are being violated." *Id*. at 17. Although a remedy related to Plaintiff Smith's parental rights is included in the request for relief and although the Court takes judicial notice that Plaintiff Smith has been involved in state court proceedings with her ex-husband involving custody of their daughter, *see Killian v. Moore*, 2022 WL 457395 (Tenn. Ct. App. Feb. 15, 2022), issues pertaining to Smith's parental rights and/or the restoration of those rights are not a part of the instant lawsuit.

In lieu of answers, all Defendants filed motions to dismiss, arguing that the complaint fails to set forth factual allegations that state plausible legal claims against them. This Report and Recommendation does not, however, address the pending motions to dismiss filed by: (1) Vanderbilt University Medical Center and Michael Olushoga; (2) the City of Mt. Juliet, Samantha Burnett, Christopher Barth, and Sean Rona; and, (3) the United States Department of Veterans Affairs, Jessica Haynes Crowder, and Suzy Ebrahem, in their official capacities. Those three motions will be addressed by the Court in a separate Report and Recommendation.

## II. STANDARD OF REVIEW

For purposes of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must take all factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 679. A legal conclusion, including one couched as a factual allegation, need not be accepted as true on a motion to dismiss, nor are mere recitations of the elements of a cause of action sufficient. *Id*. at 678; *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010), cited in *Abriq v. Hall*, 295 F. Supp. 3d 874, 877 (M.D. Tenn. 2018). Moreover, factual allegations that are merely consistent with the defendants' liability do not satisfy the claimant's burden, as mere consistency does not establish plausibility of entitlement to relief even if it supports the possibility of relief. *Iqbal*, 556 U.S. at 678.

When determining whether the complaint meets this standard, the Court must accept the complaint's factual allegations as true, draw all reasonable inferences in the plaintiff's favor, and "take all of those facts and inferences and determine whether they plausibly give rise to an entitlement to relief." *Doe v. Baum*, 903 F.3d 575, 581 (6th Cir. 2018). Because Plaintiffs are pro se litigants, the Court is required to view their complaint with some measure of a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Pro se litigants, however, are not exempt from the pleading requirements of the Federal Rules of Civil Procedure, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), and the Court cannot supply or assume facts that are not pled or create claims that are not actually raised. *See Brown v. Matauszak*, 415 F.App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.") (internal quotation marks and citation

omitted); *Bell v. Tennessee*, 2012 WL 996560, *9 (E.D. Tenn. March 22, 2012) (a court is not required to create a plaintiff's claim for him from fragmentary and conclusory allegations).

On a Rule 12(b)(6) motion to dismiss, "[t]he moving party has the burden of proving that no claim exists." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). That is not to say that the movant has some evidentiary burden. The movant's burden, rather, is a burden of explanation; since the movant is the one seeking dismissal, it is the one that bears the burden of explaining — with whatever degree of thoroughness is required under the circumstances — why dismissal is appropriate for failure to state a claim.

## III. ANALYSIS OF THE MOTIONS TO DISMISS

In addition to the standard of review, the Court is also guided by other legal principles that are relevant to review of the sufficiency of a complaint. First, "district courts within the Sixth Circuit, and within this district specifically, have uniformly held that "group pleading" does not suffice to state colorable claims against individuals." *Garton v. Crouch*, No. 3:21-CV-00338, 2022 WL 275519, at *8 (M.D. Tenn. Jan. 28, 2022) (Trauger, J.) (collecting cases). This is especially so when the defendants in a particular action are disparate and when they interacted with a plaintiff at different times and in different ways. In the instant action, it is apparent that Defendants generally had different types of interactions with Plaintiffs and that only certain Defendants interacted with Plaintiff Jordan. Thus, Plaintiffs do not meet basic pleading requirements for stating a claim against any specific Defendant by asserting that the plural "Defendants" took actions to violate Plaintiffs' rights.

Second, the causes of action or claims in a complaint must generally be set out in separate counts that are linked to specific facts and defendants, *see Lee v. Ohio Educ. Ass'n*, 951 F.3d 386,

392 (6th Cir. 2020), and the mere cursory reference to a "violation" of a statute fails to state a claim for relief. *See Hutchens v. Bank of Am. N.A.*, 2012 WL 1618316, at *7 (E.D. Tenn. May 9, 2012) (plaintiffs failed to state a claim for relief when they did not allege what, if any, provision of the TILA was violated by any defendant or how any defendant violated that provision). Thus, presenting a laundry list of alleged violations or legal causes of action, as Plaintiffs have done at several places in their complaint, does not suffice to meet basic pleading requirements.

**A. Motions to Dismiss of the City of Mufreesboro (Docket Entry No. 27), the City of Lebanon (Docket Entry No. 46), Wilson County, Tennessee (Docket Entry No. 50), and Rutherford County, Tennessee (Docket Entry No. 56)**

The primary dismissal argument made by these four municipal Defendants is that the Plaintiffs' sole factual allegation against them is that their respective law enforcement agencies failed to act when Plaintiff Smith attempted to file a police report or requested that the agencies investigate or arrest someone in response to her complaints. Defendants argue that this type of alleged conduct, even if true, fails to support a claim that they violated any constitutional protection or otherwise acted unlawfully and is an allegation that is not sufficient to support a claim of municipal liability against them.

The Court agrees. "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). *See Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007) ("There is no statutory or common law right, much less a constitutional right, to an investigation" by a police officer); *Gwin v. Collins-Williams*, 2019 WL 2358932, at *7 (W.D. Tenn. June 4, 2019) (plaintiff did not have a cause of action against sheriff "for failing to investigate or allow [the plaintiff] to file a police report."); *Flinchum v. City of Beattyville*, 224 F.Supp.3d 536, 544-45 (E.D. Ky. 2016) ("individual citizens

do not have a constitutional right to compel law enforcement officers to act, or to require that they investigate and prosecute crime, in a particular way").

Additionally, a municipality cannot be held liable under section 1983 for the actions of its employees based on a theory of *respondeat superior*. *Monnell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 694 (1978). Liability against a municipality under section 1983 can be assessed only when an official "policy or custom" caused a violation of the plaintiff's constitutional rights. *Monell*, 436 U.S. at 694-95. To demonstrate a basis for liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). In essence, liability attaches only if a plaintiff shows that it is a policy the municipality that is the "moving force" behind the constitutional violation. *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). Although Plaintiffs allege that "[a]ll entities have redacted, hidden, covered up or failed to provide requested documentation" and that "[a]ll agencies were involved in the imprisonment and kidnapping and coverup of Ms. Smith and Ms. Jordan," *see* Complaint at 13, ¶ 11, these allegations are conclusory and are simply insufficient to support a claim of municipal liability against any of these Defendants. *See Romero v. City of Lansing, Michigan*, 159 F.4th 1002, 1015 (6th Cir. 2025) ("Even at the motion-to-dismiss stage, [the plaintiff] must plead specific facts beyond speculation and bare recitation of the standard for municipal liability.").

To the extent that Plaintiffs seek to assert any other type of claim against these four Defendants, there are simply no facts alleged in the complaint that support a plausible claim against them based on any legal theory. The Court has reviewed Plaintiffs' responses in opposition to the

motions to dismiss, *see* Docket Entry Nos. 59-61 and 68, and finds that nothing set out in the responses requires the Court to deny Defendants' motions to dismiss.[3] Accordingly, the motions to dismiss should be granted as to all claims against these four Defendants.

**B. Motion to Dismiss of Jason Lawson (Docket Entry No. 21)**

Defendant Lawson argues that there are no facts alleged in the complaint that show his involvement in the events occurring in September 2024. He points out that the only specific factual allegations against him are that he "refused to take police reports and/or prosecute the criminals who committed these acts against the Plaintiffs" and "refused to take action regarding their [employees'] violations of policies and participation in illegal activities." *See* Complaint at 13, ¶ 11. Lawson argues that any decision that he made as the district attorney about whether or not to initiate a prosecution is a decision that is protected by prosecutorial immunity. He further asserts that, although Plaintiff Smith alleges that he has "a personal vendetta" against her because she named him in the 2022 state court lawsuit, that he has"[helped] these crimes be committed, covered up, and brushed un the rugs," and that "for years" he "has personally aided and participated in the crimes against Ms. Smith and violations of the rights of Ms. Smith in his professional and personal capacity," *id*., there are no factual allegations of actual conduct on the part of Lawson that supports these assertions. *See* Defendant Lawson's Memorandum of Law (Docket Entry No. 22).

[3] The Court notes that Plaintiffs' responses in opposition to the motions of the City of Murfreesboro and Wilson County focus exclusively on Plaintiffs' contention that Defendants failed to timely respond to the complaint and are in default. *See* Docket Entry Nos. 59 and 61. However, the issue of default was resolved against Plaintiff and is no longer a justiciable issue in this case. *See* Order entered February 26, 2026 (Docket Entry No. 77). Thus, Plaintiffs have failed to even directly oppose the dismissal argument of these two Defendants.

Again, the Court agrees. As already stated herein, Plaintiffs do not state a plausible claim based upon allegations that law enforcement officials failed to investigate or bring criminal charges against others. *See Linda R.S.*, *supra*; *Mitchell*, *supra*. Further, prosecutors are absolutely immune from liability under section 1983 for conduct "intimately associated with the judicial phase of the criminal process[.]" *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Decisions by a prosecutor about whether or not to initiate a criminal prosecution fall squarely within the duties protected by this absolute immunity. *See Ireland v. Tunis*, 113 F.3d 1435, 1447 (6th Cir. 1997); *Stockdale v. Helper*, 979 F.3d 498, 503 (6th Cir. 2020) ("absolute immunity applies to a prosecutor's decision not to prosecute a case involving individual police officers, no matter the motive."); *Lloyd v. City of Streetsboro*, 2018 WL 11298664, at *3 (6th Cir. Dec. 20, 2018) ("The decision whether or not to prosecute is intimately associated with the judicial phase of the criminal process."). Thus, even if Plaintiffs stated a plausible claim based upon the allegation that Defendant Lawson refused to initiate criminal charges, he would be entitled to absolute immunity from liability for that decision. Although Plaintiff argues that Lawson is not entitled to prosecutorial immunity because he is sued in his individual capacity, *see* Docket Entry No. 36 at 1, she is mistaken. Prosecutors sued in their individual capacities are entitled to assert the defense. *See Dallas v. Holmes*, 137 F.App'x 746, 753 (6th Cir. 2005) ("To the extent [the prosecutor] is sued in his individual capacity, this action is barred by absolute prosecutorial immunity.")

To the extent that Plaintiffs seek to assert any other type of claim against Defendant Lawson, there are simply no facts alleged in the complaint that support a plausible claim against him based upon any legal theory. Plaintiff Smith's allegations of "a personal vendetta" by Lawson

and that he has committed or aided in the commission of crimes against her are wholly conclusory and unsupported by any factual allegations.[4] The Court has reviewed Plaintiffs' response in opposition to the motion to dismiss, *see* Docket Entry No. 36, and finds that nothing set out in the response requires the Court to deny the motion to dismiss. Accordingly, the motion to dismiss should be granted as to all claims against this Defendant.

**C. Motion to Dismiss of Robert Burns (Docket Entry No. 32)**

Plaintiff Smith alleges that Burns has "continued to commit crimes against Ms. Smith and her family, including but not limited to stalking, threatening, harassing, trespassing, coercion, and have continuously violated Ms. Smith and her family member's rights." *See* Compliant at 9, ¶ 3. She further alleges that Burns has "taunted" her and is "a licensed attorney who is using abuse of process to harass and intimidate" her and "is in violation of laws and ethics pertaining to his license and in regard to his duties to his clients and his interactions with other attorney and Pro Se Litigants." *Id.*

Defendant Burns argues that these are the only allegations against him in this lawsuit and that the allegations are related solely to his role as a private attorney who represents or represented

[4] In their response in opposition, Plaintiffs make additional allegations of wrongdoing against Lawson, including, for example, that he "has continuously participated in prosecutorial misconduct," that he "is responsible for helping to orchestrate the illegal acts committed against them," and that he is an "active participant" who has "committed crimes." *See* Docket Entry No. 36 at 1-3. These allegations fail to save Plaintiffs' claims against Lawson from dismissal for two reasons. First, these conclusory contentions are not supported by any specific, factual allegations showing that Lawson actually engaged in any of this conduct. Second, factual allegations that are set out in a response to a motion to dismiss cannot be used to defeat the motion to dismiss. *See Johnson v. Metro Gov't of Nashville & Davidson Cnty.*, 502 F.Appx 523, 542 (6th Cir. 2012) (In ruling on a motion to dismiss, "The court may not ... take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a)").

defendants in the state court lawsuit filed by Plaintiff Smith. Burns argues that there are no facts showing that he has acted under color of state law of the purposes of a civil rights claim brought under section 1983 and, further, that Plaintiff's factual allegations fail to show that he took any type of action with respect to either Plaintiff that would support a plausible claim of liability against him.

Defendant Burns' arguments are persuasive. To maintain an action under 42 U.S.C. § 1983, a plaintiff must demonstrate two elements: (1) that the alleged conduct was committed by a person acting under color of state law; and (2) that this conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978); *Graham v. NCAA*, 804 F.2d 953, 957 (6th Cir. 1986). Private attorneys do not act under color of state law merely by representing a party in litigation. *See Harmon v. Hamilton Cty. Court of Common Pleas*, 83 F.App'x 766, 767 (6th Cir. 2003). This is so even if the private attorney is representing defendants who themselves act under color of state law, such a municipal or state actors. *See Blackwell v. Allen*, 2022 WL 17832191, at *6 (6th Cir. Dec. 21, 2022) ("A private-sector attorney does not automatically become a state actor just by representing a government entity."); *Otworth v. Vanderploeg*, 61 F.App'x 163, 166 (6th Cir. 2003) (a private attorney retained to advise a county board of supervisors did not act under color of state law by virtue of his representation).

Thus, Plaintiffs fail to show any factual basis for a section 1983 claim against Defendant Burns based on his role as an attorney for the defendants in the 2022 state court lawsuit. To the extent that Plaintiffs seek to assert any other type of claim against Defendant Burns, there are simply no facts alleged in the complaint that support a plausible claim against him based upon any

legal theory. Plaintiff Smith's allegations of wrongdoing by Burns are wholly conclusory and unsupported by any factual allegations whatsoever.[5] The Court has reviewed Plaintiffs' response in opposition to the motion to dismiss, *see* Docket Entry No. 62, and finds that nothing set out in the response requires the Court to deny the motion to dismiss. Accordingly, the motion to dismiss should be granted as to all claims against this Defendant. Because the Court finds that Plaintiff has not set forth a plausible claim against Defendant Burns under section 1983 and because the Court further finds that none of the allegations against him support a plausible legal claim under any legal theory, it is not necessary to address any of the alternative argument for dismissal set out in his motion to dismiss.

## RECOMMENDATION

Based on the foregoing, it is respectfully **RECOMMENDED** that the Motions to Dismiss filed by Jason Lawson (Docket Entry No. 21), the City of Murfreesboro, Tennessee (Docket Entry No. 27), Robert Burns (Docket Entry No. 32), the City of Lebanon, Tennessee (Docket Entry No. 46), Wilson County, Tennessee (Docket Entry No. 50), and Rutherford County, Tennessee (Docket Entry No. 56) be **GRANTED** and that these Defendants be **DISMISSED FROM THIS ACTION**.

**ANY OBJECTIONS** to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Fed. R. Civ. P. 72(b)(2); Local R. 72.02(a). Three (3) additional days are added to this time for service by mail.

---

[5] The Court notes that Plaintiff's allegations against Burns are set out in one of her "background" paragraphs and do not include any specific factual allegations against him of conduct occurring during or after the September 2024 time period that is at issue in this case.

Fed. R. Civ. P. 6(d). Service is complete upon mailing. Fed. R. Civ. P. 5(b)(2)(C). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. Fed. R. Civ. P. 72(b)(2); Local R. 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge