IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| KENDRA C. SMITH, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | NO. 3:25-cv-01077 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| JESSICA CROWDER, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **ORDER**

Pending before the Court[1] is the report and recommendation (Doc. No. 81, "R&R") of the

Magistrate Judge, which recommends that the Court grant (1) the motion to dismiss of Jason

Lawson (Doc. No. 21, "Lawson MTD"); (2) the motion to dismiss of the City of Murfreesboro,

Tennessee (Doc. No. 27, "Murfreesboro MTD"); (3) the motion to dismiss of Robert Burns (Doc.

No. 32, "Burns MTD"); (4) the motion to dismiss of the City of Lebanon, Tennessee (Doc. No.

46, "Lebanon MTD"); (5) the motion to dismiss of the County of Wilson[2] (Doc. No. 50, "Wilson

County MTD"); and (6) the motion to dismiss of the County of Rutherford[3] (Doc. No. 56,

---

[1] Herein—except in certain quoted portions of the R&R wherein the Magistrate Judge refers to herself as "the Court"—"the Court" refers to the undersigned District Judge, as opposed to the Magistrate Judge who authored the R&R.

[2] Plaintiffs (Kendra C. Smith and Kaia M. Jordan) bring suit against an entity they at times refer to (Doc. No. 1 at 2)—and which the CM/ECF docket sheet refers to—as the "County of Wilson," which the Court understands to be a reference to Wilson County, Tennessee. For ease of reference, the Court will refer to this entity as it is referred to by Plaintiffs and the CM/ECF docket sheet, namely as the "County of Wilson."

[3] Plaintiffs at times refer to this entity as the "County of Rutherford" (Doc. No. 1 at 2) and the CM/ECF docket sheet refers to this entity as the "County of Rutherford County, Tennessee." The Court understands these references to be references to Rutherford County, Tennessee. For ease of reference, the Court will refer to this entity as it is referred to by Plaintiffs, namely as the "County of Rutherford."

"Rutherford County MTD").[4] (Doc. No. 81 at 1, 14). The R&R further recommends dismissal from this action of the following defendants, which are the same defendants that respectively brought the Motions addressed by the R&R: (1) Jason Lawson, (2) the City of Murfreesboro, Tennessee, (3) Robert Burns, (4) the City of Lebanon, Tennessee, (5) the County of Wilson, and (6) the County of Rutherford (hereinafter, collectively, the "Moving Defendants").[5] (*Id.* at 1, 14). No objections to the R&R have been filed, and the time for filing objections has now expired.[6]

Absent any objection to the factual and procedural background (regarding the underlying circumstances and procedural history of this case) set forth by the Magistrate Judge in the R&R, the Court adopts that background in its entirety and includes it immediately below:

### I. COMPLAINT AND PROCEDURAL BACKGROUND

Kendra Smith ("Smith") and Kai Jordan ("Jordan") are residents of Mt. Juliet, Tennessee, and appear to be a mother and adult daughter, respectively. On September 23, 2025, they filed this *pro se* lawsuit against 15 defendants – the United States Department of Veterans Affairs ("VA") and VA physicians Dr. Jessica Haynes Crowder ("Crowder") and Suzy Ebrahem ("Ebrahem"); Vanderbilt Wilson County Hospital and Dr. Michael Olushoga ("Olushoga"); the City of Mt. Juliet ("Mt. Juliet") and Mt. Juliet Police Department Officers Sean Ronan

---

[4] Herein, the Court will refer to the Lawson MTD, the Murfreesboro MTD, the Burns MTD, the Lebanon MTD, the Wilson County MTD, and the Rutherford County MTD collectively as the "Motions."

[5] The Moving Defendants do not comprise all the defendants in this action. Several other individuals and entities are defendants in this action, namely Vanderbilt University Medical Center (which Plaintiffs improperly name as Vanderbilt Wilson County Hospital (Doc. No. 1 at 2; Doc. No. 11 at 1)), Michael Olushoga M.D., Samantha Burnett, Christopher Barth, Sean Ronan, the United States Department of Veterans Affairs (who Plaintiffs improperly name as the Department of Veteran's Affairs (Doc. No. 1 at 2)), Jessica Crowder, Suzy Ebrahem M.D., and the City of Mt. Juliet, Tennessee.

Michael Olushoga M.D. and the Vanderbilt University Medical Center jointly filed a motion to dismiss at Docket No. 11. Christopher Barth, Samantha Burnett, Sean Ronan, and the City of Mt. Juliet, Tennessee jointly filed a motion to dismiss at Docket No. 17. Jessica Crowder, Suzy Ebrahem M.D., and the United States Department of Veterans Affairs jointly filed a motion to dismiss at Docket No. 72. These motions to dismiss neither were addressed by the R&R, nor are resolved by the Court herein.

[6] Under Fed. R. Civ. P. 72(b), any party has fourteen (14) days from receipt of the R&R in which to file any written objections to the Recommendation with the District Court. For *pro se* plaintiffs, like Plaintiffs, the Court is willing to extend this 14-day deadline by three days to allow time for filings to be transported by mail. But even this extension does not help Plaintiffs because the R&R was filed on July 22, 2026, and as of August 10, 2026, Plaintiffs have not filed any objections.

("Ronan") and Christopher Barth ("Barth"); Mt. Juliet City Attorney Samantha Burnett ("Burnett"); Wilson County, Tennessee; the City of Lebanon; the City of Murfreesboro; Rutherford County, Tennessee; Jason Lawson ("Lawson"), the District Attorney for Tennessee 15th Judicial District; and attorney Robert Burns ("Burns"). *See* Complaint (Docket Entry No. 1). Of the eight individuals who are sued, Defendants Lawson, Ronan, and Barth are named in only their individual capacities and the remaining five individuals are named in both their individual and official capacities.

Plaintiffs contend that their civil rights have been violated by Defendants and set out a several page narrative of events. Smith, who states that she is a veteran and who appears to receive treatment of some type through the Veterans Administration, alleges that she was involuntarily detained for a mental health examination pursuant to "6404" paperwork completed by Defendant Crowder on September 25, 2024. Smith contends that, although she had sent a message to Crowder two days earlier "detailing several concerns," there was no cause for Defendant Crowder to begin the proceeding and that the paperwork was not filled out properly. Smith alleges that officers with the Mt. Juliet Police Department, including Defendant Barth, came to her home on the 25th but that she was not detained until the next morning when officers pulled over a car being driven by Plaintiff Jordan in which Smith was riding and that Smith was then transported to the Vanderbilt Wilson County Hospital at the directive of Defendant Ronan, whom she contends "managed" the events of that morning. *Id.* at 11, ¶ 6.

Smith alleges that she was examined at the hospital by Defendant Olushoga, whom she alleges committed "several ethical violations and committed crimes including but not limited to assault, false imprisonment, and kidnapping." *Id.* at 12, ¶ 7. Smith alleges that she was then transported to the Murfreesboro VA facility, where she had a telehealth call with Defendant Ebrahem, who she alleges "falsified documents and committed several ethical violations and medical malpractice while depriving Ms. Smith of her rights without cause." *Id.* at 12, ¶ 9. Smith alleges that she was held overnight against her will, strip-searched, denied medical care and prescribed medications, exposed to secondhand vaping, and held in substandard conditions. *Id.* Smith alleges that, on or about September 27, 2024, the "6404" paperwork was rescinded and she was released. *Id.* at 13, ¶ 10.

Both Plaintiffs contend that they have been severely injured and traumatized by these events, although there are no allegations that Plaintiff Jordan was involved in any of the events other than those occurring on the morning of September 26, 2024, when her car was stopped by the police officers. Smith alleges that she has made numerous attempts to obtain medical records and other documents but that "[a]ll entities have redacted, hidden, covered up or failed to provide requested documentation." *Id.* at 13, ¶ 11. She also alleges that the law enforcement agencies for the municipal Defendants, as well as Defendant Lawson, have refused to take action, investigate the matter, take a police report, or arrest anyone involved. *Id.* She further contends that the "6404" paperwork was "fraudulent, falsified,

incomplete, and did not meet the criteria under the statute" and thus did not provide any Defendant with authorization to detain or hold her. *Id.* at 14, ¶ 12.

Plaintiffs bring their complaint "for violation of civil rights" and sue Defendants in federal court pursuant to 42 U.S.C. § 1983. *Id.* at 1 and 4. They assert that "[b]y using positions as elected, appointed, licensed, commissioned officials in public duty positions of power all parties abused powers and violated rights by committing crimes against plaintiffs T.C.A. 33-6-4." *Id.* at 8. Although the complaint fails to set out distinct legal claims that are linked to specific Defendants, Plaintiffs assert that Defendants have violated:

> The US Constitution, The Bill of Rights, The 1st, 2nd, 4th, 5th, 7th, 8th, 9th, 10th, and 14th Amendments, T.C.A. 36-8-103, housing laws, Americans with Disabilities Act, victims rights, T.C.A. Ch 38, Families Rights and Responsibilities Act, GTCA, FTCA

*id.* at 4, as well as:

> 4th Amendment unreasonable search, 8th Amendment deprivation of medical care, 5th Amendment due process, 1st Amendment free speech, 2nd, 7th, 9th, 10th, 13th, and 14th amendments.

*id.* at 8, and that Plaintiffs have been victims of:

> illegal traffic stops, stalking, harassment, coercion, trespassing, falsifying documents, fraud, HIPPA violations, FOI violations, false imprisonment, especially aggravated kidnapping, excessive force, police brutality, assault, abuse of process, and violations of any and all constitutional rights.

*Id* at 17. Plaintiffs seek actual and punitive damages and an award of several million dollars, and they also request that "all rights be restored including Ms. Smith's parental rights that are being violated." *Id.* at 17. Although a remedy related to Plaintiff Smith's parental rights is included in the request for relief and although the Court takes judicial notice that Plaintiff Smith has been involved in state court proceedings with her ex-husband involving custody of their daughter, *see Killian v. Moore*, 2022 WL 457395 (Tenn. Ct. App. Feb. 15, 2022), issues pertaining to Smith's parental rights and/or the restoration of those rights are not a part of the instant lawsuit.

In lieu of answers, all Defendants filed motions to dismiss, arguing that the complaint fails to set forth factual allegations that state plausible legal claims against them. This Report and Recommendation does not, however, address the pending motions to dismiss filed by: (1) Vanderbilt University Medical Center and Michael Olushoga; (2) the City of Mt. Juliet, Samantha Burnett, Christopher Barth, and Sean Rona; and, (3) the United States Department of Veterans Affairs, Jessica

Haynes Crowder, and Suzy Ebrahem, in their official capacities. Those three motions will be addressed by the Court in a separate Report and Recommendation.

(Doc. No. 81 at 1-5 (footnotes omitted)). The Magistrate Judge concluded that the Motions should each be granted and that the Moving Defendants should be dismissed from this action. (*Id.* at 14).

No party has filed objections to the R&R, and the time to file objections with the Court has passed, as explained in a footnote above.

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district judge must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.* Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the magistrate judge's report or proposed findings or recommendations to which an objection is made.

The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias v. Frias*, No. 2:18-CV-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019); *Hart v. Bee Prop. Mgmt., Inc.*, No. 18-CV-11851, 2019 WL 1242372, at * 1 (E.D. Mich. Mar. 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). A district judge is not required to review, under a *de novo* or any other standard, those aspects of a report and recommendation to which no objection is made. *Ashraf v. Adventist Health Sys./Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Sec.*, No. 3:18-CV-00010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018) (citing *Thomas*, 474 U.S. at 150).

Absent objection, the R&R (Doc. No. 81) is adopted and approved. Accordingly, the Lawson MTD (Doc. No. 21), the Murfreesboro MTD (Doc. No. 27), the Burns MTD (Doc. No. 32), the Lebanon MTD (Doc. No. 46), the Wilson County MTD (Doc. No. 50), and the Rutherford County MTD (Doc. No. 56) are each **GRANTED**, and the Moving Defendants are **DISMISSED** from this case. Accordingly, the Clerk of the Court is **DIRECTED** to terminate the following parties from this action: (1) Jason Lawson, (2) the City of Murfreesboro, Tennessee, (3) Robert Burns, (4) the City of Lebanon, Tennessee, (5) the County of Wilson, and (6) the County of Rutherford.[7]

The motions to dismiss at Docket Nos. 11, 17, and 72 remain pending.

IT IS SO ORDERED.

*Eli Richardson*

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[7] As noted above, the County of Rutherford is referred to as the "County of Rutherford County, Tennessee" on the CM/ECF docket sheet.